UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

JEAN ETIENNE, an individual,

    Plaintiff,

vs.                                                       CASE NO.:

SDH SERVICES WEST, LLC, a foreign
limited liability company, and SODEXO,
INC., a foreign profit company,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jean Etienne ("Plaintiff"), by and through undersigned counsel, sues Defendants, SDH Services West, LLC ("SDH") and Sodexo, Inc. ("Sodexo") (collectively hereinafter, "Defendants"), and alleges as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs owed to Plaintiff.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in Martin

County, Florida and within the jurisdiction of the Southern District of Florida, Fort Pierce Division.

## PARTIES

4. Plaintiff was and is a resident and citizen of Martin County, Florida. At all times pertinent, Plaintiff worked for Defendant in Martin County, Florida.

5. Defendant SDH was and is a foreign limited liability company conducting business in Martin County, Florida, within the jurisdiction of the Southern District of Florida, Fort Pierce Division, and subject to the requirements of the FLSA.

6. Defendant Sodexo was and is a foreign profit corporation conducting business in Martin County, Florida, within the jurisdiction of the Southern District of Florida, Fort Pierce Division, and subject to the requirements of the FLSA.

7. Defendants, SDH and Sodexo, have interrelation of operations; centralized control of labor relations; common management; and common ownership or financial control. Defendants, SDH and Sodexo, also jointly exercised control over Plaintiff during the employment relationship and in this regard were joint employers of Plaintiff. As such, for FLSA purposes, Defendants, SDH and Sodexo, represent a single, integrated enterprise and are jointly and severally liable.

8. At all times material, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(1); Defendants were the employer of Plaintiff within the meaning of 29 U.S.C. §§ 203(a) and (d); and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FLSA COVERAGE

9. At all times material, Defendant SDH was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s).

10. At all times material, Defendant Sodexo was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s).

11. At all times material, Defendants were an employer as defined by 29 U.S.C. § 203(d).

12. Defendant SDH, a foreign limited liability company, and Defendant Sodexo, a foreign profit corporation, conduct business worldwide, including but not limited to, in Martin County, Florida, and are subject to the requirements of the FLSA. Defendants are a food and facilities management company that has been providing services in countries across the globe for over fifty (50) years.

13. Defendants are engaged in interstate commerce, or in the production of goods for interstate commerce, with an annual gross volume of revenue not less than Five Hundred Thousand Dollars ($500,000.00).

14. At all times material, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15. Plaintiff worked for Defendants as a cleaning employee in Martin County, Florida. In this capacity, Plaintiff handled goods and/or equipment, which had travelled in interstate commerce, on a daily basis.

16. At all times material, Plaintiff was individually covered by the FLSA.

## GENERAL ALLEGATIONS

17. Defendants employed Plaintiff in Martin County, Florida, as a cleaning employee for approximately six (6) years, through on or about, July 19, 2021. During this time, Plaintiff's primary job duties included, without limitation, cleaning Defendants' buildings and facilities in Martin County, Florida.

18. Defendants compensated Plaintiff on an hourly basis of $10.43 per hour.

19. Plaintiff regularly worked for Defendants seven (7) days per week.

20. Defendants had a policy and practice of refusing to compensate employees for the full amount of time that they worked.

21. While Defendants may have provided Plaintiff some limited overtime compensation during the employment, Defendants unlawfully failed to compensate Plaintiff at time and one-half for _all_ hours worked over forty hours in a workweek.

22. Defendants knew that it was a violation of the FLSA not to compensate Plaintiff at rate of not less than one and one-half his regular rate for all hours worked in a work week over forty (40) hours.

23. Defendants willfully violated the FLSA and failed to provide Plaintiff overtime compensation for all overtime hours worked.

24. Defendants failed to keep proper time records for Plaintiff.

25. To the extent any time records exist, concerning the number of hours worked and amounts to be paid to Plaintiff, the records are in the possession and custody of Defendants.

26. Plaintiff has been required to retain counsel to prosecute the claims herein, and is obligated to pay counsel reasonable attorneys' fees and costs.

27. All conditions precedent to this action have been satisfied.

### COUNT I
### (Overtime Compensation Due Under the FLSA)

28. Plaintiff re-alleges paragraphs 1 through 27 as if set forth fully herein.

29. Plaintiff worked more than forty (40) hours in a week for one or more weeks during his employment with Defendants.

30. Defendants refused to compensate Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for any weeks Plaintiff worked fifty (50) or more hours in a workweek for one or more weeks during his employment with Defendants.

31. Defendants' failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for all hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

32. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. accept jurisdiction over this action;

    b.    award damages for the amount of unpaid overtime compensation owed to Plaintiff;

    c.    award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiff, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

    d.    award Plaintiff recovery of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

    e.    entry of final judgment against Defendants; and

    f.    award all other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

*s/ Bradley P. Rothman*
Bradley P. Rothman, Esq.
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
-and-
Allison Duffie, Esq.
Florida Bar No.: 649902
allison@duffie.law
DUFFIE LAW, PLLC
2234 North Federal Highway, Suite 1196
Boca Raton, FL 33431
Tel: (561) 440-8150
*Counsel for Plaintiff*